UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLAN L. HALL,

      Petitioner,

v.                            Case No. 8:04-cv-2242-T-23MAP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## **O R D E R**

Hall petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for sexual battery with great force and sexual battery with slight force, for which convictions he is life imprisonment.  Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 23) and Hall has filed numerous exhibits ("Hall's Exhibit __") (Doc. 26).  The respondent admits the petition's timeliness (Response at 9 Doc. 23).

## **FACTS**[1]

For two years Hall and the victim had a "stormy" relationship; although they lived together, the relationship included both physical and verbal fights.  The victim was separated from but still married to another man during this relationship.  Hall and the victim separated  in May, 1992, following a physical assault.  Within a month Hall married another woman (a seventeen year old who was the babysitter for the victim's children) but the

---

[1] This summary of the facts derives mostly from Hall's brief on direct appeal (Respondent's Exhibit 2).

sexual relationship with the victim continued.  In September, 1992, following an argument and the consuming of alcoholic drinks, Hall forced the victim to engage in anal sex.  A second episode of forced sex occurred a short time later.  Hall testified that both incidents were consensual and that the victim's allegation of sexual assault was in retaliation for his not leaving his wife and returning to the victim.

The state presented testimony of Hall's 1984 conviction for sexual assault and ten-year sentence.  The victim of that assault was his girlfriend.

## **PROCEDURALLY DEFICIENT GROUNDS**

Hall's petition asserts claims of trial court error and ineffective assistance of both trial and appellate counsel.  The claims of ineffective assistance of trial counsel are the only claims reviewable on the merits; all of the claims of trial court error and ineffective assistance of appellate counsel are procedurally barred from federal review.

Ground One

Hall failed to properly present to the state courts the five claims of ineffective assistance of appellate counsel alleged in ground one.  Hall's conviction was final when the direct appeal concluded on May 12, 1995.  Respondent's Exhibit 5.  State procedure allows a petitioner two years to file a petition for the writ of habeas corpus alleging that appellate counsel was ineffective.  Rule 9.141(c)(4)(B), Florida Rules of Appellate Procedure.[2]  Hall dated his petition June 11, 1999.  Respondent's Exhibit 37.  The state appellate court correctly dismissed the petition as untimely.  Respondent's Exhibit 38.

---

[2]  The two-year limitation was first established in Rule 9.140(j)(3)(B), Florida Rules of Appellate Procedure, effective January 1, 1997, and re-designated as Rule 9.141, effective January 1, 2001.  Hall's direct appeal concluded when no limitation existed.  Because he had two years from the effective date of the original rule creating a limitation, Hall's limitation deadline was January 1, 1999.  The petition for the writ of habeas corpus, dated June 11, 1999, was nearly six months late.

A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in the procedurally correct manner.  Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).  Before a claim is procedurally barred from federal review, a state court must reject reviewing an improperly presented claim.

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

Harris v. Reed, 489 U.S. 255, 262 (1989), quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).  Also, the court must state that it is enforcing the procedural rules.  "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds."  Harris v. Reed, 489 U.S. at 261, quoting Michigan v. Long, 463 U.S. 1032, 1042 (1983).  The state court explicitly rejected reviewing Hall's petition because the petition violated the state's time limit.  Consequently, this claim is procedurally defaulted.

The doctrine of procedural default generally prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on procedural grounds.  See Murray v. Carrier, 477 U.S. 478 (1986); Engle v. Isacc, 456 U.S. 107 (1982).  This prohibition also applies to a claim not presented to the state courts but would be procedurally defaulted if the petitioner were to return to state court to present the claim.  Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  Only upon a showing of "actual cause" and "prejudice," or "manifest injustice," is a federal court

permitted to entertain such claims.  Murray v.  Carrier, 477 U.S. at 492; Engle v.  Isacc, 456

U.S. at 129; Wainwright v. Sykes, 422 U.S. 72 (1977).

Hall recognizes that the state court applied the timeliness rule to preclude reviewing

his state petition for the writ of habeas corpus.  Reply at 3 (Doc. 30).  Hall relies on "cause

and prejudice" arguments to excuse the procedural default.  His arguments are

unconvincing.  Consequently, ground one is procedurally barred from federal review.

Ground Two

In ground two Hall alleges that the trial court violated his Sixth and Fourteenth

Amendment rights to confrontation and effective cross-examination.  Instead of presenting

this claim to the state courts as a federal claim, Hall complained about the restrictions on

cross-examination based on the state "rape shield" statute.  Moreover, Hall's direct appeal

failed to include a confrontation or cross-examination issue.  Hall attempted to remedy this

forfeiture by asserting a confrontation or cross-examination claim in his Rule 3.850 motion

for post-conviction relief, Respondent's Exhibit 30, vol. I at 10-11, but Hall failed to assert

the claim as a federal constitutional right.  The state court rejected the claim as untimely.

> The Defendant's second claim is that his conviction was obtained in violation
> of his right to confrontation, right to present a full and meaningful defense, and
> his right to effectively cross-examine his accuser.  The Defendant's bases [sic]
> for this claim is that the Judge should have allowed testimony regarding the
> victim's prior sexual history in order to establish the victim's motive and her
> bias.  This Court previously denied this claim as the victim's bias and possible
> motive to fabricate were discussed at length throughout the trial, only not in the
> context of her previous sexual encounters with people other than the
> Defendant.  Furthermore, as the Defendant points out in his sworn motion,
> defense counsel repeatedly objected to not being permitted by the Court to
> pursue this line of questioning.  This is an issue that could have and should
> have been raised on appeal.  Accordingly, the Defendant's claim is denied.

Respondent's Exhibit 30, vol. III at 394-95.

A petitioner must present each claim to the state courts before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971).  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  Consequently, ground two is unexhausted.

The failure to properly exhaust available state court remedies causes a procedural default of the unexhausted claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we

can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."), Kennedy v. Herring, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), appeal after remand, Kennedy v. Hopper, 156 F.3d 1143 (11th Cir.), cert. denied sub nom Kennedy v. Haley, 526 U.S. 1075 (1999).  Because Hall fails to overcome this procedural default by showing either "cause and prejudice" or "manifest injustice," ground two is procedurally barred from federal review.

Ground Three

In ground three Hall alleges that his due process rights were violated when trial counsel testified falsely during the Rule 3.850 evidentiary hearing regarding counsel's pre-trial investigative efforts.  This claim fails to challenge the constitutionality of either the conviction or the sentence.  Hall is precluded from challenging the judgment that confines him based on events that occurred later during post-conviction proceedings.  "States have no obligation to provide [post-conviction] relief . . . and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (citation omitted). Cf. 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Consequently, ground three fails to assert a federal claim.

**STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this

proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas
> court to grant a state prisoner's application for a writ of habeas corpus with
> respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1),
> the writ may issue only if one of the following two conditions is satisfied--the
> state-court adjudication resulted in a decision that (1) "was contrary to . . .
> clearly established Federal Law, as determined by the Supreme Court of the
> United States," or (2) "involved an unreasonable application of . . . clearly
> established Federal law, as determined by the Supreme Court of the United
> States."  Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently than
> this Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the writ if
> the state court identifies the correct governing legal principle from this Court's
> decisions but unreasonably applies that principle to the facts of the prisoner's
> case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different from

an incorrect one."  Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308,

- 7 -

1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 5) Hall's convictions and sentence on direct appeal in a per curiam decision without a written opinion, and likewise affirmed (Respondent's Exhibit 25) the denial of his subsequent Rule 3.850 motion for post-conviction relief.  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Hall bears the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  Consequently, this court must defer to the finding of fact in the state court's rejection of Hall's post-conviction claims of ineffective assistance of trial counsel.  Orders denying motion for post-conviction relief, Respondent's Exhibits 30, vol. I at 130-38, vol. II at 393-401, and vol. III at 858-68.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Hall claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and
> well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
> 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for
> analyzing ineffective assistance of counsel claims.  According to Strickland,
> first, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant

makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When

applying Strickland, we are free to dispose of ineffectiveness claims on either of its two

grounds.").  "[C]ounsel is strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment."

Strickland v. Washington, 466 U.S. at 690.  "[A] court deciding an actual ineffectiveness

claim must judge the reasonableness of counsel's challenged conduct on the facts of the

particular case, viewed as of the time of counsel's conduct."  Strickland v. Washington,

466 U.S. at 690.  Strickland requires that "in light of all the circumstances, the identified

acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Hall must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Hall must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v.  Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington,  466 U.S. at 690-91.  Hall cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but

only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S.

776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no

duty to raise frivolous claims).

Hall must prove that the state court's decision was "(1) . . . contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States or (2) . . . based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §

2254(d).

The state court recognized that Strickland governs Hall's ineffective assistance of

counsel claims.

> Defendant raised six claims of ineffective assistance of counsel against
> Edward Liebling (hereinafter "trial counsel").  According to Strickland v.
> Washington, 466 U.S. 668 (1984), to show that trial counsel was ineffective,
> defendant must show that 1) trial counsel's performance was so deficient as
> to overcome the presumption that trial counsel's conduct was reasonable,
> and 2) the deficient performance prejudiced the defense such that the result
> of the trial would have been different but for counsel's deficiencies.  Id., at
> 687, 689, & 695.  Further, the United States Supreme Court stated that ". . .
> there is no reason for a court deciding an ineffective assistance claim to
> approach the inquiry in the same order or even to address both components
> of the inquiry."  Id., at 697.  In other words, if Defendant fails to establish one
> prong, the other prong need not be considered.

Respondent's Exhibit 30, vol. V at 859.  Because the state court correctly recognized

Strickland, Hall cannot meet the "contrary to" test in Section 2254(d)(1).  Hall instead must

show that the state court unreasonably applied Strickland or unreasonably determined the

facts.

In ground four Hall asserts four separate claims of ineffective assistance of trial

counsel.  The state court granted Hall both counsel and an evidentiary hearing in the

post-conviction proceeding.  The post-conviction court thoroughly addressed both the

deficient performance and prejudice components of the <u>Strickland</u> standard and rejected

each claim.

Ground Four, Sub-part I

     Hall alleges that trial counsel was ineffective for failing to call certain witnesses.

Hall divides the witnesses into four groups:  (A) Dr. Huffman and/or Dr. McCormick; (B)

Dawn Hall; (C)The Human Rehabilitative Services investigator; and (D) Dawn Lucas,

Meribeth Hopler, Scott Amick, and the Honorable William Webb.

A.  Dr. Huffman and/or Dr. McCormick

     Hall faults trial counsel for not obtaining a medical expert to both testify for the

defense and refute the testimony of the state's medical witness, the nurse who examined

the victim following the sexual battery.  The post-conviction court rejected this claim as

follows:

> First, Defendant claimed that trial counsel was ineffective for his failure to call
> a doctor to refute [nurse] Sylvia Franklin's S.A.V.E. (Sexual Assault Victim's
> Examination) testimony about the nature of Sherry Morris' (hereinafter "the
> victim") injuries.  Specifically, Defendant alleged that despite being aware of
> Ms. Franklin's potential testimony after her deposition, trial counsel failed to
> call as a trial witness either Dr. Lynn Broadfield or Dr. Shirley McCormick
> who would have testified that non-consensual or forced anal intercourse is
> evidenced by bleeding and torn tissues, whereas consensual anal
> intercourse is evidenced by redness and swollen tissue.  A review of the trial
> transcript reveals that Ms. Franklin testified at trial that the victim had
> redness and swollen tissue, but she denied that such symptoms were
> consistent with consensual anal intercourse.
>
> Defendant failed to show that trial counsel's performance was deficient.  At
> the evidentiary hearing, trial counsel offered a reasonable explanation for not
> calling an expert witness to refute Ms. Franklin's testimony.  Trial counsel
> testified that Dr. Broadfield would not agree to testify at trial, and that no
> other doctor he contacted would agree to testify.  In fact, trial counsel
> testified that Dr. Broadfield would not even render an opinion about

consensual and non-consensual anal sex.  This Court finds that Defendant's allegations are refuted by trial counsel's testimony at the evidentiary hearing.

Had trial counsel's performance been deficient, Defendant failed to show sufficient prejudice.  While trial counsel did not specifically testify whether he contacted Dr. McCormick, this Court finds that Defendant was not prejudiced because trial counsel attempted to procure a number of other expert witnesses.  Furthermore, Defendant did not produce any expert testimony at the evidentiary hearing to substantiate his allegation regarding consensual anal sex.  Thus, Defendant is not entitled to relief on this claim.

Respondent's Exhibit 30, vol. V at 859-60 (citations to record omitted) (emphasis original).

The post-conviction court reasonably determined that Hall failed to show both deficient performance and prejudice, especially because Hall has never presented proof to support his belief that the victim's injuries were consistent with consensual anal sex.

 B.  Dawn Hall

Hall married Dawn within a month after separating from the victim, although the sexual relationship with the victim continued.  Hall alleges that Dawn, the victim, and he engaged in sexual relations together.  Hall faults trial counsel for failing to secure Dawn's presence at trial to bolster Hall's contention that the victim and he routinely engaged in anal intercourse.  The post-conviction court rejected this claim as follows:

Second, Defendant claimed that trial counsel was ineffective for his failure to call Dawn Hall (presently Dawn Lopez) as a witness.  To clarify, Defendant married Ms. Hall sometime between May and June 1992, and was married to her when the instant sexual battery occurred; Defendant and Ms. Hall are now divorced.  Defendant alleged that Ms. Hall would have testified that she had personally observed Defendant and the victim having consensual anal intercourse on several occasions; that the victim preferred this type of intercourse; and that the victim was jealous of his then wife, Ms. Hall.

Based upon Ms. Hall's 1996 affidavit which accompanied Defendant's Rule 3.850 motion in which she stated she had personally observed Defendant and the victim engaging in consensual anal intercourse, it initially appears that the failure to present Ms. Hall's testimony at trial would have been both deficient and prejudicial.  However, based upon trial counsel's testimony at

- 13 -

the evidentiary hearing, the Court finds that Ms. Hall would have been a hostile witness and that trial counsel made a strategic decision not to compel such a witness, particularly where other defense witnesses—Lucy Boatman, Lisa Smith, Robert Hall, Amy Hall, and Carol Hall—testified at trial that the victim told those witnesses that she often had and enjoyed anal sex with Defendant.  Consequently, Ms. Hall's testimony, if in accord with her 1996 affidavit, would only be cumulative.  Furthermore, because Ms. Hall has recanted the substance of her 1996 affidavit in her May 29, 1998, deposition, this Court also concludes that her testimony at a new trial would not support an acquittal.  Thus, Defendant is not entitled to relief on this claim because he failed to establish either deficient performance by counsel or sufficient prejudice.

Respondent's Exhibit 30, vol. V at 860-61 (citations to record omitted).  The state court reasonably determined that trial counsel's decision to not call Dawn Hall was a legitimate tactical decision.  Trial counsel's "strategic decisions . . . are virtually unchallengeable. . . ." Strickland v. Washington, 466 U.S. at 690-91.  Determining which witness to call is a strategic option for trial counsel to decide.  See e.g., Dingle v. Sec'y, Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision [to not call a  certain witness] appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"), quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983), Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (en banc), and Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991) ("The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel.").

C.  The Human Rehabilitative Services investigator

Hall contends (1) that the victim fabricated the sexual assault charge as a way to retaliate because he married another and (2) that a few days before the alleged assault a Human Rehabilitative Services ("HRS") investigator revealed to the victim that in 1984 Hall was convicted of a sexual battery.  Hall faults trial counsel for not calling the HRS investigator to support his contention that the victim fabricated the incident.  The post-conviction court rejected this claim as follows:

> Third, Defendant claims that trial counsel was ineffective for his failure to call as a witness the Human Rehabilitative Services (hereinafter "HRS") investigator who informed the victim that Defendant was previously convicted in 1984 for a sexual battery.  Specifically, Defendant alleged that three days prior to his arrest in the above-styled case, an HRS investigator told the victim that Defendant had been convicted and served time in prison for kidnapping and rape; the Defendant told this to trial counsel prior to trial; and that at trial the victim denied that the HRS investigator told her about Defendant's previous convictions.  Additionally, Defendant stated that he does not know the name of this investigator.  Defendant argued that the HRS investigator's testimony would have damaged the victim's credibility and supported Defendant's contention that the victim used the information about his 1984 sexual battery conviction to support her instant claim of sexual battery by Defendant.
>
> The evidence in the record does not support Defendant's allegations.  At the evidentiary hearing, trial counsel testified that before the trial he called HRS and "came up with nothing," and that he could not locate any witnesses to substantiate Defendant's claim.  Although Ms. Hagerty testified at the evidentiary hearing that she had a vague recollection of telling the victim by phone what convictions were on Defendant's criminal record which she received on July 27, 1992, after the HRS case file was closed, showing that Ms. Hagerty may have told the victim about Defendant's prior convictions does not prove that trial counsel's performance was deficient, particularly where the HRS case file does not note any contacts after the case was closed.  Based on the HRS investigator's and trial counsel's testimonies at the evidentiary hearing, this Court finds that a meeting three days before Defendant's arrest on the instant sexual battery could not have occurred.
>
> Had trial counsel's performance been deficient for failure to find and interview Ms. Mitchell and Ms. Hagerty, Defendant is still not entitled to relief

because he did not show prejudice such that the outcome of the trial would have differed.  At trial, Lucy Boatman testified that a few weeks before the instant sexual battery, the victim told her that she was going to get Defendant, and that on the day of the alleged sexual battery, the victim told Ms. Boatman that she knew about Defendant's 1984 conviction and that she was going to contact the victim from the 1984 sexual battery; therefore, evidence was brought before the jury that the victim knew of Defendant's prior convictions sometime before the instant sexual battery.  However, this testimony, used to show the victim likely fabricated the instant sexual battery, is partially refuted by Alexandria Demas', the 1984 victim, pre-trial deposition testimony (not trial testimony) that she did not know the victim in the instant case; and Defendant has not alleged that Ms. Demas lied.  Because Defendant has not met his burden to show deficient performance by trial counsel or sufficient prejudice, Defendant is not entitled to relief on this claim.

Respondent's Exhibit 30, vol. V at 861-62 (citations to record omitted).  The post-conviction court rejected Hall's testimony and accepted the testimony of both trial counsel and an HRS employee to find that the alleged meeting and disclosure of information never occurred.  This court is bound by the state court's credibility determination and factual finding absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).  Hall provides no basis for rejecting the state court's findings. Consequently, the state court's application of Strickland is not unreasonable.

D.  Dawn Lucas (Mederios), Meribeth Hopler, Scott Amick, and the Honorable William Webb

These individuals resided in the same trailer park with Hall and the victim and each could testify that the victim admitted that she lied to police about the alleged battery that caused the victim to leave Hall in May, 1992.  Hall contends that trial counsel was ineffective for not calling these witnesses.  The post-conviction court rejected this claim as follows:

Fourth, Defendant claimed that he told trial counsel about Dawn Mederios, Mary Beth Hopler, Scott Amick, and Judge William Webb (who while in private practice represented Defendant in the [May 1992] battery case), and that trial counsel was ineffective for his failure to call them as trial witnesses. Defendant alleged that these witnesses would have testified that the victim frequently discussed how much she enjoyed anal sex with Defendant and/or about a prior battery incident in May 1992, between the victim and Defendant.

In his motion, Defendant stated that Ms. Mederios would have testified that after the May 1992 battery incident, the victim told her, "Watch this — I'm going to get him;" that the victim admitted that Defendant had not touched her and that she fabricated the May 1992 incident to get back at him; and that the victim had frequently told Ms. Mederios that she enjoyed anal sex and routinely had anal sex with Defendant.

At the evidentiary hearing, trial counsel testified that he did not call Ms. Mederios as a trial witness because she could not be served with a subpoena because she had moved to an unknown address; trial counsel did not recall any further efforts to locate Ms. Mederios. Trial counsel also testified that he felt her testimony was not needed because Lucy Boatman, Lisa Smith, Robert Hall, Amy Hall, and Carol Hall,[3] could and did substantiate that the victim stated that she enjoyed anal sex with Defendant; and Lisa Smith and Robert Hall could and did further substantiate that she wanted to get back at Defendant and that she fabricated the May 1992 battery. Moreover, trial counsel testified that he had a difficult time offering testimony about the May 1992 battery because Judge Mills, the trial judge, would not allow trial counsel to question witnesses specifically about the prior May 1992 battery. This Court concludes that trial counsel's failure to initiate a further search for Ms. Mederios was not deficient under the circumstances presented.

Had trial counsel's performance been deficient, this Court finds that Defendant failed to demonstrate sufficient prejudice. Defendant did not produce Ms. Mederios' testimony during the evidentiary hearing to substantiate what her testimony might have been at trial. Further, even if Ms. Mederios would have testified as alleged, that testimony would be cumulative to that of witnesses who did testify. Thus, Defendant is not entitled to relief on this claim because he did not show deficient performance by trial counsel nor sufficient prejudice.

In his motion, Defendant stated that Ms. Hopler would have testified that the victim also made the "I'm going to get him" statement in front of her after the prior battery incident in May 1992. In his testimony during the evidentiary

---

[3]  Robert Hall is Allan Hall's brother, Amy Hall is his sister, and Carol Hall is his mother.

trial, Defendant testified that he had furnished Ms. Hopler's name to trial counsel along with several other witness names; that Ms. Hopler told him that she had been subpoenaed for deposition along with her then husband; that she arrived at the deposition; and that her deposition was not taken.  At the evidentiary hearing, Ms. Hopler testified that she spoke with the victim at Ms. Mederios' house after Defendant was arrested for the May 1992 battery, and that the victim said that she would "fix it so nobody else would ever have Defendant" and that Defendant never hit her.

While at first glance it appears that Defendant's claim has merit, Defendant's claim is not supported by the evidence.  At the evidentiary hearing, trial counsel denied that Defendant had furnished Ms. Hopler's name.  In support, trial counsel testified that he had "absolutely no recollection" of her name and that he could not find her name anywhere in his file.  A review of the record failed to reveal Ms. Hopler's current or married name on any witness list or on a subpoena for deposition or trial.  Moreover, Ms. Hopler subsequently testified at the evidentiary hearing that she remained silent about any knowledge beneficial to Defendant she possessed despite being aware of Defendant's legal situation.  Because Defendant has not produced sufficient support to prove that he provided Ms. Hopler's name to trial counsel as a potential witness, this Court finds that trial counsel's performance cannot be deficient for failure to call a witness of which he was not aware.  Additionally, the lack of Ms. Hopler's testimony did not prejudice Defendant because Lisa Smith and Robert Hall testified about comments made by the victim regarding getting back at Defendant and about fabricating the May 1992 battery.  Thus, Defendant is not entitled to relief on this claim because he failed to show deficient performance and sufficient prejudice.

In his motion, Defendant stated that Mr. Amick would have testified that the victim also made the "I'm going to get him" statement in front of him after the prior battery charge.  At the evidentiary hearing, trial counsel testified that he did not call Mr. Amick as a trial witness for tactical reasons.  Trial counsel testified that he planned on calling Mr. Amick to testify after Ms. Smith and that Mr. Amick was subpoenaed and outside the courtroom during trial.  Trial counsel explained that he considered Mr. Amick's girlfriend, Lisa Smith, to be Defendant's strongest witness to corroborate how much the victim enjoyed anal sex because of Ms. Smith's extensive recollection and lack of impeachable criminal offenses.  Immediately after her trial testimony, Ms. Smith was arrested on a disputed outstanding warrant outside the courtroom in the vestibule leading into the outside hallway.  Although trial counsel stated at trial and at the evidentiary hearing that the jury saw Ms. Smith being escorted from the courtroom and heard the handcuffs click, the Court denied trial counsel's motion for a mistrial because the arrest was made outside the courtroom, beyond the jury's view.  Trial counsel then made the strategic decision that Ms. Smith's arrest made her a questionable witness

from the jury's perspective, and that he did not want to risk presenting two bad witnesses in a row to the jury, because trial counsel knew Mr. Amick had impeachable criminal offenses with which the State could attack his credibility, thereby casting the defense in even a more tenuous light. Because trial counsel made a reasonable tactical decision based on the facts and circumstances known to him at the time, Defendant has not shown that trial counsel's performance was deficient.

Had trial counsel's performance been deficient, Defendant has not shown sufficient prejudice. Other witnesses testified about the victim's comments made after the May 1992 battery about getting back at Defendant. Additionally, this Court does not know whether Mr. Amick would have testified as Defendant alleged because Defendant failed to produce Mr. Amick at the evidentiary hearing and Mr. Amick's deposition does not refute or support Defendant's allegation regarding the substance of Mr. Amick's testimony. Thus, Defendant is not entitled to relief on this claim.

In his motion, Defendant alleged that Judge Webb would have testified that the victim had admitted to him that the prior battery charge was false and that she offered to sign a sworn affidavit stating the Defendant had not battered her, which would support Defendant's argument that the victim also fabricated the instant sexual battery charge. However, the record does not support Defendant's allegation. First, trial counsel testified at the evidentiary hearing that he did not call Judge Webb as a trial witness because he believed there was no purpose in doing so because Defendant did not tell him about the alleged conversation between Judge Webb and the victim. Next, Judge Webb testified at the evidentiary hearing that he had no independent recollection of representing Defendant [and] that the law office for which he worked could not locate the file related to Defendant; that he did not recall meeting the victim; and that it was not his normal practice to have personal contact with victims. Moreover, the victim's testimony in her deposition and at trial does not support Defendant's allegation; neither did Defendant produce the victim at the evidentiary hearing. This Court finds that the sole testimony of Defendant is not enough to support Defendant's allegation that the conversation between the victim and Judge Webb occurred. Furthermore, Defendant was not prejudiced because other trial witnesses testified that the victim admitted that she fabricated the May 1992 battery charge. Thus, Defendant is not entitled to relief on this claim.

Respondent's Exhibit 30, vol. V at 862-66 (citations to record omitted). The

post-conviction court reasonably determined that Hall failed to show that trial counsel's

performance was deficient. Trial counsel could not find Maderios, Hall never told counsel

about Hopler, Amick was not called to testify for tactical reasons, and Hall never told counsel about the alleged admission by the victim to Webb.[4]  Moreover, the post-conviction court correctly determined that Hall could not show prejudice because the proffered testimony was cumulative to the testimony presented by other witnesses.

Ground Four, Sub-part II

Hall alleges that trial counsel was ineffective for not adequately cross-examining or impeaching (A) Ms. Morris (the victim in this case) about the fabricated May, 1992, incident and (B) Ms. Demas (the victim of the 1984 sexual battery conviction).

A.  Ms. Morris

Hall contends that counsel failed to adequately recross-examine the victim about the May, 1992, incident, specifically the allegation that Hall kicked the victim.  The post-conviction court rejected this claim as follows:

> Fifth, Defendant claimed that trial counsel was ineffective for his failure to effectively cross-examine the victim about the May 1992 battery incident.  At trial, the State on redirect asked the victim whether she left Defendant on May 14, 1992, because Defendant kicked her in the stomach while she was pregnant, and that the victim replied, "Yes."  Specifically, Defendant alleged that trial counsel was ineffective for failure to then recross-examine the victim regarding the circumstances of the May 1992 incident, which left the jury with a picture of Defendant as a "cruel and out of control wild animal who callously kicked a defenseless woman in the stomach while she was pregnant."
>
> Contrary to Defendant's assertion, trial counsel did address the May 1992 battery incident in his recross-examination to the degree allowed by Judge Mills, the trial judge.  This court concludes that trial counsel did all he could to bring out testimony about the May 1992 battery incident at trial, given Judge Mill's rulings.  Defendant failed to prove that trial counsel's

---

[4]  Webb testified at the evidentiary hearing that he has no recollection of the victim admitting to him that the May, 1992, incident was fabricated.  The post-conviction court specifically found that Hall's credibility was insufficient to support the allegation.

> performance was deficient because trial counsel cannot be blamed for failing
> to question the victim about matters which the trial judge ruled could not be
> brought up during trial.  Thus, Defendant is not entitled to relief on this claim.

Respondent's Exhibit 30, vol. V at 866-67 (citations to record omitted).  Trial counsel

testified during the evidentiary hearing that the trial court rebuffed counsel's repeated

attempts to present evidence about the May, 1992, battery.  "And incidentally, the side

issues about the battery case, I tried and tried and tried, and Judge Mills would not permit

me, as being a collateral matter, to get into any specific acts of violence."  Respondent's

Exhibit 30, vol. IV at 768.

Hall argues in his reply (Doc. 30) that, contrary to the post-conviction court's

representation that the trial court restricted inquiry into the May, 1992, incident, the trial

court specifically authorized inquiry and he cites to Respondent's Exhibit 30, supp. vol. IV

at 1758.  The discussion on that page, however, involves the admissibility of the 1984

sexual battery conviction, not the May, 1992, incident.  Hall fails to show that the record

refutes the post-conviction court's findings.  Consequently, Hall fails to show that the

post-conviction court's application of <u>Strickland</u> is unreasonable.

B.  Ms. Demas

Hall faults counsel for not effectively cross-examining Ms. Demas, the victim of the

1984 sexual battery, about her conversation with Ms. Morris, the victim of the 1992 sexual

battery.  The post-conviction court summarily rejected this claim before the evidentiary

hearing.

> The fifth allegation of ineffective assistance of counsel was the failure to
> effectively cross-examine Ms. Demas regarding the prior rape by the
> Defendant.  Defendant previously pleaded to the rape and kidnapping of Ms.
> Demas.  The Defendant states that "there is a real possibility" that the victim
> and Ms. Demas spoke about the Defendant's prior arrest for the rape and

kidnapping of Ms. Demas.  Defendant is only speculating that the victim may
have spoken to Ms. Demas.  That speculation is refuted by the record where
Ms. Demas during her deposition stated that she did not know the victim of
this case.  The Defendant is not alleging that Ms. Demas was lying during
her deposition.  Therefore, there was no prejudice which would rise to the
Strickland v. Washington standard by defense counsel failing to
cross-examine Ms. Demas.  466 U.S. 668 (1984).

Respondent's Exhibit 30, vol. I at 134 (citations to record omitted).  Not satisfied with the

court's analysis, Hall moved for reconsideration.  The post-conviction court again rejected

the claim with the following analysis.

The fourth claim is that counsel was ineffective for failing to effectively
cross-examine Ms. Demas regarding the prior rape by the Defendant.  This
Court previously denied this claim because the Defendant was only
speculating as to the facts he was alleging and he did not allege that Ms.
Demas was lying in her deposition.  The Defendant now directs this Court to
review page 4 of his affidavit, and the testimony of Lucille Boatman, page
278.  A review of the Defendant's affidavit reveals that even in his affidavit, he
states:

14.  Prior to trial, I informed Mr. Liebling Sherry Morris had
gone to Alexandra Demas' place of employment to allegedly
apply for a job the day before Sherry Morris accused me of
raping her.  That Sherry Morris knew who Alexandra was
because we had eaten at the restaurant where Alexandra
worked.  My mother had pointed Alexandra out, saying that she
was the one that had gotten me in trouble.
15.  I informed Mr. Liebling that I *believed* that Sherry Morris
had gone to talk to Alexandra Demas and received further
information from Alexandra on my prior conviction.

This statement by the Defendant under oath further supports that he is
merely speculating that the victim and Ms. Demas spoke to each other.  As
for the testimony of Lucille Boatman, Ms. Boatman stated during the trial that
after Sherry Morris came to her house that last time (referring to the crime in
this case), Sherry Morris stated, "she was going to have him arrested for
raping her" and that "she found out, that what he had been in jail for before,
and it was rape, and that she knew who the girl was.  She found out who the
girl was, where she worked, and she was going to go and talk to her."  This
conversation took place *after* the alleged rape occurred and the victim had
reported it to the police.  Furthermore, the statement clearly points out that

> Sherry Morris had not spoken to Ms. Demas prior to the night of the rape. Accordingly, the Defendant's claim is denied.

Respondent's Exhibit 30, vol. III at 395-96 (citations to record omitted) (emphasis original).  The state court correctly determined that counsel's cross-examination was not ineffective as Hall alleges because the cross-examination Hall desired was not supported by the facts.  Hall provides no basis for rejecting the state court's findings.  Consequently, the state court's application of Strickland is not unreasonable.

Ground Four, Sub-part III

Hall alleges that trial counsel was ineffective for (A) not timely challenging the information's erroneously charging a life felony of sexual battery based on a "threatened use of force," and (B) not objecting to the absence of a lesser included jury instruction on sexual battery with the threatened use of force.

A.  Failure to challenge the information

The information charged the sexual battery as a life felony, which requires proof of "actual physical force likely to cause serious personal injury."  Chapter 794.011(3), Florida Statutes.  However, the information erroneously charged that Hall "did use or threaten to use actual physical force. . . ."  Hall alleges that trial counsel was ineffective for not timely challenging the erroneous charge of a life felony based on a threat to use actual physical force.  The post-conviction court rejected this claim as follows:

> The seventh allegation of ineffective assistance of counsel was the failure to challenge the legality of the information filed against the defendant in a timely manner.  The record supports that defense counsel did not make a timely objection to the information.  The original information filed in this case was read once to the jury at the beginning of the trial without objection.  However, the State and the defense argued the case based on the proper statement of the law.  Furthermore, as also admitted by the Defendant, the instructions received by the jury contained the correct statement of the law and the jury

> was instructed by the judge to use the elements listed on the jury instructions form as the means for deciding their opinion.  Moreover, Defendant was found guilty of the lesser included offense on Count I.  Defendant has failed to prove that the prejudice that resulted from this error meets the standards set forth in <u>Strickland</u> since the jury was instructed to base their decision on the correct statement of the law and he was found guilty of the lesser included offense.

Respondent's Exhibit 30, vol. I at 135 (citations to record omitted).  The information charged Hall with sexual battery (oral) in Count I and sexual battery (anal) in Count II, both allegedly based on physical force likely to cause serious injury.  For Count I, the jury found Hall guilty of the lesser included offense of sexual battery with slight force, but for Count II the jury found Hall guilty as charged.  The post-conviction court's initial analysis, as recited above, restricted Hall's claim to only Count I.  On rehearing, the court expanded the analysis to encompass Count II.

> The fifth claim is an allegation of ineffective assistance of counsel for counsel's failure to challenge the legality of the information filed against the Defendant in a timely manner.  This Court previously denied this claim as the Defendant could not show prejudice from counsel's actions since the jury was given the correct law to decide the case, and the case was argued based upon a correct statement of the law.

> The Defendant alleges in his Motion for Rehearing that the Court overlooked the fact that the victim testified the Defendant never used any force, that he was found guilty as charged by the information for count 2, the information charges both counts as a first degree felony punishable by life and a first degree felony, the information was not read at the beginning of the trial, the State in opening statement informed the jury that the Defendant was charged with sexual battery by threat or force likely to cause serious personal injury, the Defendant was charged with sexual battery by threat or force likely to cause serious personal injury, the Defendant was adjudicated guilty on count 2 and sentenced to natural life, the information fails to charge a specific offense and the evidence is insufficient to support the verdict, he was prejudiced by counsel's failure to object to the information because the Court would have been forced to dismiss the charge, and counsel failed to request the lesser included jury instruction.

> The record reveals the information charged the Defendant as follows:

Count 1 -  did commit a sexual battery upon Sherry Morris by placing his penis in her mouth, without the consent of Sherry Morris, and in the process thereof did use or threaten to sue actual physical force likely to cause serious personal injury. Count 2 -  did commit a sexual battery upon Sherry Morris by placing his penis in or in union with the anus, without the consent of Sherry Morris, and in the process thereof did use or threaten to sue actual physical force likely to cause serious personal injury, contrary to chapter 792.011(3), Florida Statutes, life felony.

The record also reveals that while the jury was deliberating, Mr. Liebling, the Defendant's attorney, informed the Court that while he was reviewing the information during deliberations, he realized that the two counts in the information which contained the charges for a sexual battery as a life felony also charged the Defendant with threatened use of bodily force likely to cause serious injury.  Counsel noted the instruction the Court read to the jury only included actual force which is a life felony.  Counsel stated that the instructions given to the jury were not defective, but that the information was defective because it charged the crime as a life felony when if there is only a threat of force the crime is a first degree felony.  Counsel then voiced a concern that if the jury came back with an "as charged" verdict, there was no way of knowing if the jury relied on the information read to them by the Judge at the beginning of the trial, or if they were relying on the properly charged jury instructions.  Defense counsel specifically agreed that the jury instructions were a correct statement of the law.

The jury instructions given to the jury stated:

As to the first count, before you can find the Defendant guilty of sexual battery upon a person twelve years of age or older with the use of physical force, the State must prove the following four elements beyond a reasonable doubt: First, that Sherry Morris was twelve years of age or older.  Secondly, that Allan Lewis Hall committed an act upon Sherry Morris in which the sexual organ of the Defendant penetrated or had union with the mouth of Sherry Morris.  Thirdly, that Allan Lewis Hall in the process used actual physical force likely to cause serious personal injury.  And fourth, that the act was done without the consent of Sherry Morris.

As to the second count, the instruction is very similar, but again, you'll see some important differences.  Before you can find the Defendant guilty of sexual battery upon a person twelve years of age or older with the use of deadly, or in this

- 25 -

case, the use of physical force—please ignore the portion there about deadly weapon.  I see that's something I should have removed and didn't.

The State must prove the following four elements beyond a reasonable doubt:  First, that Sherry Morris was twelve years of age or older.  Secondly, that Allan Lewis Hall committed an act upon Sherry Morris [in] which the sexual organ of the Defendant penetrated or had union with the anus of Sherry Morris.  Thirdly, that Allan Lewis Hall in the process used actual physical force likely to cause serious personal injury.  And fourth, that the act was done without the consent of Sherry Morris.

The jury returned a verdict of (1) count 1, oral, guilty of the lesser included crime of sexual battery with slight force; and (2) count 2, anal, guilty of the sexual battery with great force as charged in the information.

The record reveals the Defendant was aware that he was being charged with a violation of Florida Statutes section 794.011(3) as this was specifically charged in the information for both counts.  The case was argued based upon a violation of Florida Statutes section 794.011(3).  Counsel even agreed with the Court and the Prosecutor that the jury was instructed based upon the correct statement of the law.  Therefore, the Defendant was not misled or embarrassed in the preparation of his defense and the failure of counsel to challenge the information before the trial did not prejudice the Defendant.  Duboise v. State, 520 So.2d 260 (Fla. 1988).

Respondent's Exhibit 30, vol. III at 396-98 (citations to record omitted).

The post-conviction court correctly ruled that Hall fails to meet the prejudice prong of the Strickland standard.  The jury was properly instructed that the charged offense required a finding that Hall used actual physical force likely to cause serious injury and the victim testified to the use of such force, e.g., Hall kicked the victim out of the bed with sufficient force to cause her to land against the baby's crib, he grabbed her by her hair and pulled her back onto the bed, and he bit her on the leg, shoulder, and hand.  Respondent's Exhibit 1, vol. III at 54-55.

B.  Failure to object to the absence of a lesser included jury instruction

Hall alleges that trial counsel was ineffective for not objecting to the absence of a

lesser included jury instruction on sexual battery with the threatened use of force.  A

sexual battery based on a threatened use of force is a first degree felony, whereas the

actual use of force is a life felony.  The post-conviction court rejected this claim as follows:

> Lastly, Defendant claimed that trial counsel was ineffective for his failure to
> request the inclusion in the jury instructions of the lesser included offense of
> using threat of physical force, a first degree felony.  In his evidentiary hearing
> testimony, Defendant stated that he told trial counsel he wanted instructions
> on all possible lesser included offenses.  A review of the trial transcript
> revealed that trial counsel did not request the above instruction, and that
> Defendant was present when lesser included offenses were discussed and
> made not objection.  At trial, Defendant got jury instructions on sexual battery
> with great force as charged, on the category one lesser included offense of
> battery, and the category two lesser included offense of sexual battery with
> slight force.
>
> In his testimony at the evidentiary hearing, trial counsel explained that not
> requesting the lesser included offense of using threat of physical force, or
> any other lesser included offense, was a strategic decision designed to make
> the jury, should they find Defendant guilty, choose either sexual battery with
> great force as charged, a life felony, or sexual battery with slight force, a
> second degree felony.  This tactic appeared to work because the jury came
> back with a finding on the lesser included offense of sexual battery with slight
> force on one of the counts.  This Court finds that trial counsel made a
> reasonable tactical decision based on the facts and circumstances known to
> him at the time.  Thus, Defendant is not entitled to relief on this claim
> because Defendant did not show that trial counsel's performance was
> deficient.

Respondent's Exhibit 30, vol. V at 867-68 (citations to record omitted).  The

post-conviction court reasonably determined that trial counsel's decision to not request

additional lesser included instructions was a legitimate tactical decision, a decision trial

counsel explained during the post-conviction evidentiary hearing.  Respondent's Exhibit

30, vol. IV at 779-82.  Trial counsel's "strategic decisions . . . are virtually unchallengeable.

. . .”  Strickland v. Washington, 466 U.S. at 690-91.  Consequently, the state court's

application of Strickland is not unreasonable.

Ground Four, Sub-part IV

        Hall alleges that trial counsel was ineffective for not moving to quash the amended

information, which Hall contends was procedurally defective because he was never

allowed to plead to the amended information.  The post-conviction court rejected this claim

as follows:

> The tenth allegation of ineffective assistance of counsel was the failure to file
> a Motion to Quash Amended Information where the Defendant was not
> arraigned or given the opportunity to plead to the amended information.
> However, Defendant does not allege that any prejudice has resulted.
> Defendant does not imply that [if] he had been given the opportunity to be
> arraigned again on the new charges that he would have elected to plea to
> the new charges rather than go to trial.  Therefore, there is no prejudice
> which resulted from defense counsel waiving Defendant's objection to the
> amended information.

Respondent's Exhibit 30, vol. I at 137.  The post-conviction court correctly ruled that Hall

fails to meet the prejudice prong of the Strickland standard.

        Accordingly, Hall's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The

clerk shall enter a judgment against Hall and close this action.

        ORDERED in Tampa, Florida, on October 2, 2008.

_____
        STEVEN D. MERRYDAY
    UNITED STATES DISTRICT JUDGE